Per Curiam.

The landlord in this summary proceeding seeks to recover possession of certain business premises for the use of a stockholder allegedly owning more than 90% of its capital stock. Such a proceeding is authorized by clause (2) of subdivision (h) of section 8 of the Business Rent Law (L. 1945, eh. 314, § 8, as amd. by L. 1945, ch. 432 and L. 1946, ch. 273, § 2). No proof was offered to show that the corporate landlord had an equity in the property amounting to 25% of the purchase price. If the proceeding had been brought to obtain possession for the corporate owner itself, such proof would be requisite under the express provisions of subdivision (d) of the statute. The question presented is whether the omission of a similar requirement from subdivision (h) obviates the necessity for establishing the existence of a 25% equity in the property where possession is sought for a stockholder of the corporation.
We think that subdivision (d) and clause (2) of subdivision (h) must be read together in this respect. It. would seem unreasonable to suppose that the Legislature intended to afford greater or different rights in this regard where the proceeding is brought by a corporate owner to recover possession for its stockholder than in a proceeding to recover possession for itself.
*726 While the final order of the Municipal Court was reversed on different grounds which may not be tenable under the present status of the law, we find that the determination of the Appellate Term was correct for the reasons above indicated.
We do not pass upon the question as to the sufficiency of the proof of good faith.
The determination of the Appellate Term, so far as appealed from, should be affirmed, with costs and disbursements.
G-lennon, J. P., Cohn, Callahan and Van Voobhis, JJ., concur.
Determination, so far as appealed from, unanimously affirmed, with costs and disbursements.